UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANNY DIEP TRAC,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 12-08152-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On September 20, 2012, Janny Diep Trac ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on December 27, 2012. On March 18, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 52 year old female who applied for Social Security Disability Insurance benefits on September 22, 2009. (AR 17.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 5, 2008, the alleged onset date of her disability. (AR 19.)

Plaintiff's claim was denied initially on December 28, 2009, and on reconsideration on February 10, 2010. (AR 17.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") James D. Goodman on January 12, 2011, in Pasadena, California. (AR 17.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 17.) Claimant testified with the assistance of a Vietnamese interpreter. (AR 17.)

The ALJ issued an unfavorable decision on February 8, 2011. (AR 17-25.) The Appeals Council denied review on July 27, 2012. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ failed to properly consider the opinion of Dr. Patricia Hong, the treating doctor.
2. Whether the ALJ failed to properly consider a mental impairment.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 5, 2008, the alleged onset date. (AR 19.)

At step two, the ALJ determined that Plaintiff has the the severe impairment of lumbar spine radiculopathy with grade 2 spondylolisthesis. (AR 19-20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 20-21.)

The ALJ then found that Plaintiff has the RFC to perform light work, as defined in 20 CFR § 404.1567(b), with the following limitation: Claimant can occasionally climb, balance, kneel, crouch, crawl, and stoop. (AR 21-24.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 23-24.) Significantly, Plaintiff does not challenge that determination.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a data entry operator. (AR 24.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 24-25.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly rejected the opinion of Dr. Hong, Plaintiff's treating physician. The ALJ properly found that Plaintiff did not have a severe mental impairment.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.  THE ALJ PROPERLY REJECTED THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN**

Plaintiff contends that the ALJ improperly rejected the opinion of Dr. Patricia Hong, Plaintiff's treating physician. The Court disagrees.

**A.  Relevant Federal Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20

C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

The ALJ based his RFC for light work with limitations on the opinions of State agency reviewers, consulting examiner Dr. Semon Bader, and the medical treatment records. (AR 21.) The ALJ also considered Plaintiff's pain allegations in determining Plaintiff's RFC. (AR 22.)

Contrary to the ALJ's RFC, treating physician Dr. Patricia Hong found the Claimant restricted to less than sedentary work. (AR 22.) In an August 26, 2010, lumbar spine RFC assessment (AR 327-331), Dr. Hong diagnosed chronic low back pain, fatigue and depression. Dr. Hong opined Plaintiff could stand but 15 minutes at a time (AR 328, 329), stand and walk less than two hours a day (AR 329), walk one hour at a time with 3-5 minute breaks (AR 328, 329), and sit for four hours in an eight hour day. (AR 329.) She estimated Plaintiff would miss work four days per month. (AR 330.) Dr. Hong based her opinion on a February 2010 MRI showing severe disc disease in the lower back and grade II spondylosthesis. (AR 327, 332.)

The ALJ rejected Dr. Hong's opinion for specific, legitimate reasons. First, the ALJ found Dr. Hong's opinion not supported by the objective medical evidence. An ALJ may discredit the opinion of treating physicians whose opinions are unsupported by the record as a whole. Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004); see also 20 C.F.R. § 404 1527(c)(2)(4) (medical opinions inconsistent with other evidence). The ALJ noted that in 2009 consulting examiner Dr. Bader found Plaintiff walked normally, there was no tenderness in the lumbar spine, straight leg raising was normal, and Plaintiff's neurological and lower extremity evaluation was essentially unremarkable. (AR 21-22, 222-227.) Dr. Bader diagnosed discogenic low back pain with radiculopathy and L5-S1 grade 2 spondylolisthesis. (AR 21.) He further found Plaintiff capable of walking, standing, and sitting six hours in an eight hour day, consistent with a light work RFC. (AR 21-22, 226.)

The ALJ also based his RFC on two State agency reviewing physician opinions that made the same findings as Dr. Bader. (AR 21, 256-60, 299-300). The ALJ further noted that, except for Dr. Hong, "no examining or reviewing physician has rendered an opinion supporting the Claimant's allegations. In fact, several find her to be much more capable than she claims." (AR 23.) Presumably, this would include treating physician Dr. Nguyen, who reported that

Plaintiff's chronic low back pain was "well-controlled," non-tender, and she had full range of motion with negative straight leg raising. (AR 311-312.)

Plaintiff contends that Dr. Hong properly relied on the February 2010 MRI, but Dr. Nguyen interpreted it differently. Nor is it true that the ALJ did not consider the February 2010 MRI. (AR 22.) Plaintiff asserts that the ALJ devoted but a paragraph to Dr. Hong, but the ALJ's discussion of the other medical evidence and Plaintiff's credibility also bears on the ALJ's rejection of Dr. Hong's opinion.

Although Plaintiff disagrees with the ALJ's interpretation of the medical evidence, it is the ALJ who is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039; Magallanes, 881 F.2d at 750. Here, the ALJ's interpretation was reasonable, rests on substantial evidence, and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Second, the ALJ made an adverse credibility determination that Plaintiff does not challenge. (AR 23.) The ALJ found Plaintiff's allegations inconsistent with the objective medical evidence (apart from Dr. Hong's opinion) and that Plaintiff also failed to comply with prescribed treatment and to access available treatment. (AR 23.) An ALJ may reject a treating physician's opinion based on discredited subjective complaints. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Morgan, 169 F.3d at 602; Andrews, 53 F.3d at 1043 ("[A]n opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded once those complaints have themselves been properly discounted").

Third, the ALJ found that, if Claimant actually required the limitations posed by Dr. Hong, they would have been regularly recorded in the treatment notes. (AR 22.) An ALJ may reject a treating physician's opinion when it is not supported by or contradicted by his own notes and clinical findings. Batson, 359 F.3d at 1195 n.3. Plaintiff contests this finding, citing Dr. Hong's assessment that is repeated throughout her treatment notes: "Persistent LBP with referral L LE. Unable to stand or walk for longer than 15-30 minutes . . . worse with back extension. Pain level: 7/10 . . . Unable to do prolonged standing or walking." (AR 361, 363, 370, 372, 375, 376.)

Yet Dr. Hong's treatment notes also repeatedly state that Plaintiff's gait was normal, and her back and lower extremities had full range of motion and intact motor sensations and deep tendon reflexes. (AR 362, 364, 371, 377, 380, 383.) Again, the ALJ is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Here, the ALJ's interpretation was reasonable and should not be second-guessed. Rollins, 261 F.3d at 857.

Fourth, the ALJ found that Dr. Hong's opinion was not supported by Claimant's own admissions. (AR 22.) Specifically, the ALJ noted that Dr. Hong opined the Claimant could not walk or stand more than 15 minutes, yet the Claimant consistently stated she could walk or stand for up to 30 minutes at a time. (AR 22.) Claimant disputes this finding, arguing that Dr. Hong did not provide a walking at one time limitation. Yet Dr. Hong's stated limitation was "Unable to walk/stand >15 minutes." (AR 328.) The ALJ reasonably found this limitation inconsistent with Claimant's statement she could walk 30 minutes at a time. This is a classic example of interpretation of the medical evidence, which is the ALJ's responsibility to resolve. Andrews, 53 F.3d at 1039. The ALJ, moreover, also found Claimant's allegations inconsistent with the rest of the medical evidence and not credible.

The ALJ rejected Dr. Hong's opinion for specific, legitimate reasons supported by substantial evidence.

## II.  THE ALJ PROPERLY FOUND THAT PLAINTIFF DID NOT HAVE A SEVERE MENTAL IMPAIRMENT

Plaintiff challenges the ALJ's step two determination that she does not suffer from a severe mental impairment. (AR 20.) The ALJ determined that, although Claimant complained of depression in May 2010, there is no evidence that the condition lasted the requisite twelve-month durational period. (AR 20.) The ALJ also found that Claimant's doctor noted that her depression was well-controlled with medication. (AR 20, 311.)

The ALJ's finding that Claimant's depression was well-controlled and non-severe is supported by substantial evidence. Dr. Nguyen's May 21, 2010, treatment note states: "Psychiatric: no anxiety, depression stable" (AR 311) and "DEPRESSION, MAJOR, RECURRENT, Status: Stable/Unchanged, Control: Well-Controlled." (AR 311.) Also, Plaintiff

testified at the hearing that the medication helped her depression. (AR 57.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff asserts that the ALJ's decision was not based on a medical opinion, but Dr. Nguyen's opinion is a medical opinion confirmed by Dr. Kim's notes regarding medication management and less depressed mood. (AR 335, 389, 390.)

A major difficulty with Plaintiff's challenge is that Claimant has not specified any functional limitations due to depression. See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005) (rejecting argument ALJ did not adequately consider an impairment because "even on appeal, [the Claimant] ha[d] not pointed to any evidence of functional limitations due to [the alleged impairment] which would have impacted the ALJ's analysis"). Plaintiff did not allege any mental health symptoms in connection with her disability application until the March 2010 hearing (AR 53), having repeatedly asserted that her inability to work was because of her back and leg pain. Plaintiff concedes that the GAF scores are not determinative, but appears to believe that a mere diagnosis of moderate symptoms is sufficient to warrant a finding of a severe impairment. Yet a mere diagnosis of an impairment is not enough to establish disability. Young v. Sullivan, 911 F.2d 180, 183-184 (9th Cir. 1990). According to 20 C.F.R. § 404.1521(a), an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. See also SSR 85-28. Section 1521(b) defines basic work activities to include: understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. SSR 85-28. Although impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on one's ability to work, Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005), here there is no medical or other evidence or even allegations that Plaintiff has any specific functional limitations due to her depression that impact her ability to work.

Plaintiff also disputes the ALJ's finding that any mental impairment, even if severe, did not last twelve months. Again, the ALJ is responsible for resolving ambiguities in the record,

Andrews, 53 F.3d at 1039, and where the ALJ's interpretation is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ's finding that Plaintiff does not have a severe mental impairment lasting twelve months is supported by substantial evidence.

\* \* \*

The ALJ properly rejected Dr. Hong's opinion for specific, legitimate reasons. The ALJ properly found Plaintiff did not have a severe mental impairment.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 9, 2013                    */s/ John E. McDermott*
                                         JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE